```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SARAH JULIANA STRAEHLE,

                        Plaintiff,
                                                MEMORANDUM & ORDER
        -against-                               10-CV-2120(JS)

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Sarah Juliana Straehle, pro se
                    32 Chestnut Street
                    Garden City, NY 11530

For Defendant:      Candace Scott Appleton, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    271 Cadman Plaza East
                    Brooklyn, NY 11201

                    Vincent Lipari, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza, 5th Floor
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

        Plaintiff Sarah Juliana Straehle ("Plaintiff") commenced this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), challenging Defendant Commissioner of Social Security's (the "Commissioner") denial of her application for disability insurance benefits.

Presently before the Court is the Commissioner's motion for judgment on the pleadings. For the following reasons, the Commissioner's motion is GRANTED, and Plaintiff's Complaint is DISMISSED

BACKGROUND

On January 18, 2002, Plaintiff submitted an application with the Social Security Administration (the "SSA") for disability insurance benefits alleging that she had become disabled on March 28, 1998. (Tr. 24.) Plaintiff included with her application records reflecting earnings for the following years: 1974-1977, 1979, 1981-1985, 1987-1988, 1993, and 1995-1998. (Tr. 40.) In 2005, Plaintiff sought to supplement her application with records reflecting alleged earnings in 1994. (Tr. 37-39.) On April 18, 2006, the SSA denied Plaintiff's application, stating that: "You do not qualify because you have not worked long enough under Social Security to receive benefits." (Tr. 43.) The SSA did not accept Plaintiff's alleged earnings from 1994. (Tr. 43.) Plaintiff sought reconsideration of the SSA's decision (Tr. 46-49), which was denied on June 20, 2006 (Tr. 50-52).

On October 16, 2006, Plaintiff requested a hearing before an administrative law judge. (Tr. 56-57.) The hearing was held on February 18, 2009 before Administrative Law Judge Seymour Rayner (the "ALJ"). (Tr. 115.) Plaintiff, appearing

2

pro se, testified that, in 1994 while she was a graduate student at Carnegie Mellon University, she earned $2,700 from the University for tutoring other students. (Tr. 124, 127.) She did not file a tax return for that income, however, until 2004. (Tr. 78, 129.) On March 31, 2009, the ALJ issued his decision finding that Plaintiff was not eligible for disability insurance benefits. (Tr. 24-26.) The ALJ stated that although Plaintiff was in fact disabled, she failed to satisfy the "insured status requirements" of Sections 216(i) and 223 of the Social Security Act--i.e., she did not work the requisite number of quarters prior to the onset of her disability to qualify for disability insurance benefits. (Tr. 24-26.) In so finding, the ALJ refused to consider the evidence of Plaintiff's alleged earnings in 1994 because such evidence was time-barred. (Tr. 25-26.)

On June 10, 2009, Plaintiff filed a request for Appeals Council review of the ALJ's decision (Tr. 20), which was granted on August 28, 2009 (Tr. 14-17). Plaintiff was granted multiple extensions of time to submit any evidence and/or argument in favor of her claim. On December 15, 2009, she filed a letter stating that she operated a kite store from 1990 through 1997 (Tr. 97), and, on January 21, 2010, she filed a letter stating that she performed additional work in 1989, 1993, and 1994 (Tr. 108-114). On February 26, 2010, the Appeals Council issued its decision affirming (with modification) the

3

ALJ's decision that Plaintiff was not entitled to disability insurance benefits because she failed to establish the requisite quarters of coverage. (Tr. 9-11.) The Appeals Council found that Plaintiff's earnings from 1994 were "excluded from Social Security coverage" pursuant to Section 210(a)(10) of the Social Security Act and 20 C.F.R. § 404.1028 and, thus, could not be credited. (Tr. 10.) The Appeals Council also refused to credit Plaintiff's alleged earnings in 1989, 1993, and 1994 because "[w]hile the claimant asserts that she has evidence to substantiate her various assertions that she is entitled to additional earnings and, therefore, quarters of coverage, she has not submitted any of that evidence as required by 20 CFR 404.822(a)." (Tr. 11.)

On March 10, 2010, Plaintiff filed a request with the Appeals Council to reopen the record and provided documentation to substantiate her claim of earnings in 1989, 1993 and 1994. (Tr. 132.) The Appeals Council denied Plaintiff's request to reopen, finding that "[a]lthough the evidence submitted is new, it does not materially alter the prior decision or warrant reopening because it does not establish that Administration records of [her] earnings [were] incorrect or that [she is] entitled to additional quarters of coverage." (Tr. 5.)

On May 10, 2010, Plaintiff commenced this federal action and simultaneously filed a motion for leave to proceed in

4

forma pauperis. (Docket Entries 1-2.) On June 22, 2010, the Court granted Plaintiff's motion to proceed in forma pauperis. (Docket Entry 5.) On September 30, 2010, the Commissioner answered the Complaint (Docket Entry 9), and on November 29, 2010, the Commissioner moved for judgment on the pleadings (Docket Entry 11). The Commissioner's motion is currently pending before the Court. Plaintiff did not file an opposition.

## DISCUSSION

Only the final decision of the Commissioner is subject to judicial review. 42 U.S.C. § 405(g). Where, as here, the Appeals Council reviews the decision of the ALJ, the Appeals Council's decision constitutes the final decision of the Commissioner. See 20 C.F.R. § 404.981. Accordingly, the Court treats the Appeals Council's decision dated February 26, 2010 as the final decision of the Commissioner--the only decision subject to judicial review.

I. Standard of Review

In reviewing the final decision of the Commissioner, this Court will not determine de novo whether Plaintiff is in fact entitled to disability insurance benefits. Thus, even if the Court may have reached a different decision, it must not substitute its own judgment for that of the Commissioner. See Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991). Instead, the Court must determine whether the Commissioner's findings are

5

supported by "substantial evidence in the record as a whole or are based on an erroneous legal standard." Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000) (internal quotations marks and citation omitted), superseded by statute on other grounds, 20 C.F.R. § 404.1560. If the Court finds that substantial evidence exists to support the Commissioner's decision, the decision will be upheld, even if evidence to the contrary exists. See Johnson v. Barnhart, 269 F. Supp. 2d 82, 84 (E.D.N.Y. 2003). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion." Id. (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). The substantial evidence test applies not only to the Commissioner's findings of fact, but also to any inferences and conclusions of law drawn from such facts. See id.

To determine if substantial evidence exists to support the Commissioner's findings, this Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences may be drawn." See Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (internal quotation marks and citation omitted). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

II. Eligibility for Disability Insurance Benefits

To be eligible for disability insurance benefits, a claimant must be "insured" within the meaning of the Social Security Act (the "Act"). See 42 U.S.C. § 423(a)(1)(A). The Act provides that an individual "shall be insured for disability insurance benefits in any month if . . . he had not less than 20 quarters of coverage during the 40-quarter period which ends with the quarter in which such month occurred." Id. § 423(c)(1)(B)(i); see also Butts v. Sec'y of Health & Human Servs., 706 F.2d 107, 107 (2d Cir. 1983). Here, the Appeals Council only credited Plaintiff with 17 out of the required 20 quarters of coverage. Plaintiff argues that this was in error-- that the Appeals Council should have also credited Plaintiff for the quarters she worked in 1994, as well as the quarters she worked in 1989 and 1993.

A. The Appeals Council's February 26, 2010 Decision Affirming the Decision of the ALJ

As the Court previously stated, the Appeals Council's decision constitutes the final decision of the Commissioner and the only decision subject to judicial review. Plaintiff does not appear to dispute this. (See Compl. ¶ 19.) Thus, the Court must limit its review to the evidence before the Appeals Council regarding the alleged additional quarters of coverage at the time it found Plaintiff ineligible for benefits.

7

1.  <u>Coverage for Alleged Earnings in 1994</u>

Plaintiff argues that she had earnings from four distinct sources in 1994: (1) from tutoring for Carnegie Mellon University; (2) from a separate self-run tutoring business; (3) from a kite business; and (4) from a travel grant she received from Carnegie Mellon University in connection with an unpaid internship in Japan. The Appeals Council refused to credit Plaintiff with any additional quarters based on this income. The Court finds that the Appeals Council's decision is based on the correct legal standard and is supported by substantial evidence.

<u>First</u>, the Appeals Council properly found that any wages that Plaintiff received from Carnegie Mellon University for tutoring were excluded from Social Security coverage under 42 U.S.C. § 410(a)(10). Section 410(a)(10) excludes from coverage wages for "service performed in the employ of a school, college or university . . . if such service is performed by a student who is enrolled and regularly attending classes at such school, college, or university." Here, there is evidence in the record to support the Appeals Council's conclusion that Plaintiff was employed by Carnegie Mellon while she was attending classes there. (Tr. 79-80, 89, 124.) Accordingly, such income is excluded from coverage.

Second, the Appeals Council properly refused to credit Plaintiff with any additional quarters based on her private tutoring business and her kite business because (1) she failed to provide any documentation to substantiate these earnings and (2) as such self-employment income was not included in her 1994 tax return (which was not filed until 2005) (Tr. 32-36), she could not amend her return to add that income, see 20 C.F.R. § 404.822(b)(2)(ii) (tax returns filed after the "time limit" expires can "remove or reduce, but not increase, the amount of self-employment income entered on the earnings record to agree with a tax return of self-employment income filed after the time limit ends); see also 42 U.S.C. § 405(c)(1)(B) (defining the time limit as a period of three years, three months, and fifteen days after the year the income was earned). (Tr. 10-11.)

Finally, the Appeals Council properly refused to credit Plaintiff for the travel grant because she again failed to provide any proof that she received the grant. (Tr. 11.)

2. Coverage for Alleged Earnings in 1989 and 1993

The Appeals Council similarly rejected Plaintiff's claims of additional income in 1989 and 1993 because Plaintiff failed to provide the Court with any documentation of that income. (Tr. 11.)[1]

---

[1] Plaintiff also asserts that she was given credit for only $1,105 in self-employment income in 1993 (and thus one quarter

Accordingly, the Court AFFIRMS the decision of the Appeals Council finding Plaintiff ineligible for disability insurance benefits.

B. Appeals Council's Denial of Plaintiff's Request to Reopen the Record

After the Appeals Council issued its decision, Plaintiff attempted to provide documents to substantiate her allegations of earnings in 1989, 1993, and 1994 and sought leave to reopen the record. The Appeals Council reviewed these new documents and, nonetheless, denied Plaintiff's request to reopen the record and change its decision. (Tr. 3-6.) Plaintiff appears to be arguing that the Appeals Council improperly denied her request to reopen the record. The Court, however, does not have jurisdiction to review that decision. See Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) ("[F]ederal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits." (citing Califano v. Sanders, 430 U.S. 99, 107-09, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977)); Latona v. Schweiker, 707 F.2d 79, 81 (2d Cir. 1983).[2]

---

of coverage (see Tr. 40)) when she actually earned $1,194, which would have entitled her to two quarters of coverage. Even if Plaintiff is correct, she would only have 18 of the required 20 quarters of coverage and would still be ineligible for benefits. Thus, the Court need not address the validity of this argument.

[2] The Court notes that there are two exceptions to this rule: (1) if the Commissioner has "constructively reopened" its prior determination and (2) if the claimant was denied due process.

10

CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is GRANTED, the final decision of the Commissioner is AFFIRMED, and Plaintiff's Complaint is DISMISSED. The Clerk of the Court is directed to send a copy of this Memorandum and Order to the pro se Plaintiff and mark this matter closed.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: August  7 , 2012
Central Islip, New York

---

Byam, 336 F.3d at 180. Both are inapplicable here. Plaintiff has not alleged that she was denied due process, and the Court finds that Plaintiff's application was not constructively reopened: "When an ALJ merely reviews the evidence to assess 'whether there was new evidence to establish good cause to reopen' a previous application, this does not constitute a constructive reopening." Navan v. Astrue, No. 11-CV-6732, 2012 WL 398635, at *3 (S.D.N.Y. Feb. 8, 2012) (quoting Byam, 336 F.3d at 180).